UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
JAN 23 2019
CLERK

| | |
|---|---|
| CODY R. WIENTJES, <br><br> Plaintiff, <br><br> vs. <br><br> WAYNE KANYUH, <br><br> Defendant. | 1:17-CV-01005-CBK <br><br> ORDER |

Plaintiff instituted this negligence action in state court seeking compensation for personal injury and property damage arising out of an October 23, 2016, automobile accident in rural Campbell County, South Dakota. The matter was removed to federal court by the defendant on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendant filed a counterclaim against the plaintiff alleging automobile negligence.

Plaintiff filed "disclosures of expert opinions" wherein plaintiff set forth that certain fact witnesses have expertise and whose trial testimony may include expert opinions. Plaintiff has not retained any expert witnesses. Defendant has moved to strike the expert designation of Sheriff Lacey Perman, EMT Bob Huber, and Mikala Deibert from plaintiff's expert witness disclosures.

Fed. R. Evid. 702 authorizes the admission of expert testimony in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Court must determine under Rule 702(a) whether 1) the proposed expert possesses specialized knowledge 2) that will assist the trier of fact to determine a fact in issue. The Court must determine under Rule 702 (b-d) whether the proposed expert testimony is reliable. The district court acts "as a gatekeeper in determining whether the proposed expert's testimony both is relevant and rests upon a reliable foundation." United States v. Geddes, 844 F.3d 983, 991 (8th Cir. 2017). Plaintiff bears the burden to prove the admissibility of his proposed expert testimony by a preponderance of the evidence. Menz v. New Holland North America, Inc., 507 F.3d 1107, 1114 (8th Cir. 2007), Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001).

The collision occurred on a rural gravel road. Defendant and his passengers may have been hunting in the area and defendant's vehicle was either stopped or moving slowly just over the crest of a hill when plaintiff, driving a semi pulling a trailer of hay, came over the hill and struck defendant's vehicle. Plaintiff apparently intends to elicit testimony from Sheriff Perman regarding plaintiff's negligence, that is, whether plaintiff could have avoided the collision; from EMT Huber that he smelled alcohol at the scene of the collision (which has no relevance, unless there is some evidence that the driver of the vehicle in question had been consuming alcohol which affected his driving abilities); and from Ms. Deibert concerning driving "etiquette" near the scene of the collision.

At the outset, I must determine whether the proposed experts possess specialized knowledge concerning the subject matter of their proposed testimony. "A witness may be qualified by knowledge, skill, experience, training, or education." United States v. Holmes, 751 F.3d 846, 849 (8th Cir. 2014). "[A]n individual can qualify as an expert where she possesses sufficient knowledge gained from practical experience, even though she may lack academic qualifications in the particular field of expertise." United States v. Johnson, 860 F.3d 1133, 1140 (8th Cir. 2017) (*quoting* Fox v. Dannenberg, 906 F.2d 1253, 1256 (8th Cir. 1990)). It is sufficient if the experts in question base their opinions on relevant evidence they have observed, their specialized knowledge in the field, their review of the scientific literature, and discussions with other experts in the field. United States v. Carlson, 810 F.3d 544, 553 (8th Cir. 2016). Where the proposed testimony does

2

not rest on scientific foundations, the "relevant reliability concerns may focus upon personal knowledge or experience." United States v. Holmes, 751 F.3d at 850.

The problem with the proposed testimony of Sheriff Perman is that he did not apparently take any measurements or do any meaningful accident reconstruction. Whether or not he possesses experience or training in determining the cause of an accident, he would not be allowed to opine on the whether or not either plaintiff or defendant followed the rules of the road, was negligent, or had any fault in the causation of the collision.

As for the proposed testimony concerning alcohol consumption, it does not take expertise to detect the odor of alcohol. However, absent scientific evidence that either driver was intoxicated or had a significant blood alcohol level, such testimony would not be admissible to infer that either driver was negligent.

Finally, in no event would a lay witness be allowed to testify as to their "expert" opinion as to driving etiquette. Negligence in South Dakota is judged by the rules of the road and not by rules of etiquette.

While expert testimony is allowed if it "will help the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, an expert may not "usurp the providence (sic) of the jury" by testifying who was at fault for the accident. Booth v. Kelley, 882 F.3d 759, 762 (8th Cir. 2018).

Plaintiff appears to concede that the proposed witnesses would not be giving expert testimony under Fed. R. Evid. 702 but contends that the proposed testimony is admissible as lay opinion testimony under Fed. R. Evid. 701. Plaintiff characterizes the proposed testimony as "statements drawn from common sense perceptions" by witnesses who live near the accident scene and were at the scene after the accident.

Pursuant to Fed. R. Evid. 701,

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;

3

>(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Whether either party violated the South Dakota rules of the road, was otherwise negligent, or could have avoided the collision are ultimate issues for the jury. The drivers of the vehicles are allowed to testify to their perceptions as to the speed of the vehicles before the collision and any attempts made to avoid the collision. The proposed lay witnesses cannot do so. While expert witnesses may review deposition testimony as to speed, take measurements at an accident scene, and draw conclusions as to the time it takes to stop a vehicle once a vehicle is observed ahead, such testimony is not the type of lay opinion testimony allowed under Rule 701.

Law enforcement officers make decisions as to whether to write tickets for the violation of the rules of the road. Such tickets, like charges brought by prosecutors in complaints and issued by grand juries in indictments, do not establish the violation of a law. Only juries determine whether laws, including South Dakota's rules of the road, have been violated. A Sheriff's decision to issue or not issue a ticket is not evidence of the commission of a crime or negligence, or the lack thereof.

Lay witnesses' custom and experience in driving and stopping semis on rural roads is immaterial to whether either party in this case was negligent. Such testimony will not be allowed.

The briefs refer to the fact that one witness claims to have found empty beer containers at the accident scene and another witness claims to have smelled alcohol while assisting the accident victims. The admissibility of evidence concerning the consumption of alcohol by a driver prior to impact should be raised either by a motion *in limine* or at the time the testimony is offered. The consumption of alcohol by anyone at any time prior to the collision does not establish negligence absent blood tests showing a driver was operating a motor vehicle in violation of the law. The admissibility of the evidence

4

concerning the odor of alcohol or the presence of empty alcohol containers would be subject to a relevance inquiry as well as a Rule 403 inquiry.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 40, to strike expert witness designations is granted.

DATED this 17th day of January, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge