UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
JUL 01 2019

| | |
|---|---|
| CODY R. WIENTJES, | 1:17-CV-01005-CBK |
| Plaintiff, | |
| vs. | ORDER |
| WAYNE KANYUH, | |
| Defendant. | |

The jury returned a verdict finding that the defendant was negligent and that defendant's negligence was one of the legal causes of injury to the plaintiff, as alleged in plaintiff's complaint. The jury also found that the plaintiff was negligent and that such negligence was more than slight, as alleged in defendant's answer. Plaintiff was thus precluded from an award of damages. I entered judgment for the defendant without the taxation of costs. Defendant has nonetheless filed a bill of costs.

Pursuant to Fed. R. Civ. P. 54(d), costs may be allowed to the prevailing party unless the Court orders otherwise. The award of costs under Rule 54(d) is discretionary. Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560, 565, 132 S. Ct. 1997, 2001, 182 L. Ed. 2d 903 (2012). Although the award of costs is permissive, in the Eighth Circuit a "prevailing party is presumptively entitled to recover all of its costs." Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006). "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." Id. "A general statement [that the denial of costs is fair to both parties] is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party." Id.

Plaintiff filed this automobile negligence action in the Fifth Judicial Circuit, Campbell County. Defendant removed the matter to federal court and filed an answer and counterclaim. Defendant contended in his answer that the plaintiff assumed the risk of injury, failed to mitigate damages, and was contributorily negligent. Defendant contended in his counterclaim that

plaintiff was negligent in causing the accident at issue, resulting in injury and damages to defendant.

Defendant advised 20 days before trial that the counterclaim had settled. The stipulation for dismissal of the counterclaim was not filed until after trial.

Judgment was entered in favor of the defendant because plaintiff did not "prevail" on his claim for damages.. However, plaintiff vindicated important personal rights by submitting his negligence claims to a jury and receiving a verdict finding that the defendant was negligent and was a proximate cause of plaintiff's damages. Plaintiff did not recover damages because the jury found that plaintiff was also negligent, and that plaintiff's negligence was "more than slight." Defendant forfeited submission to the jury of his claims that plaintiff was a cause of defendant's claimed injuries.

Defendant expended sums which ordinarily could be recovered as costs. However, virtually all of those costs were incurred jointly in connection with defendant's counterclaim, upon which defendant is not a prevailing party. There was no information submitted as to when the witnesses were subpoenaed so the Court cannot conclude whether any of the witness fees were incurred solely for defense of plaintiff's claim.

Based upon the foregoing,

IT IS ORDERED that the defendant's bill of costs is denied.

DATED this 1st day of July, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge